IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON**<br><br>    **Plaintiff**<br><br>**Vs.**<br><br>**BUNS BURGER SHOP, LLC.**<br><br>    **Defendants** | **CIVIL NO.  3:23-cv-01584**<br><br>**SUBJECT:**<br><br>**DAMAGES AND REQUEST FOR ORDER** |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

**COMES NOW,** Defendant Buns Burger Shop, LLC.**,** and through its legal representation and very respectfully alleges, states, and prays**:**

1. On August 25, 2023, Faustino Xavier Betancourt Colón, ("Betancourt Colón" or "Plaintiff") filed *Complaint* number SJ2023CV07996 ("Complaint") with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, against BUNS BURGER SHOP, LLC, requesting injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq*. An exact copy of Plaintiff's *Complaint* is attached hereto as **Exhibit 1**.

2. BUNS BURGER SHOP, LLC. was served with summons and a copy of the referenced complaint on October 21, 2023. [See **Exhibit 2**]

3. Pursuant to 28 U.S.C.A. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United Stated for the district and

1

division embracing the place where such action is pending." The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, *...*" 28 U.S.C.A. § 1446(b)(1).

4. In compliance with the above cited legal requirements, BUNS BURGER SHOP, LLC files this Notice of Removal.

5. The standard to determine whether removal is appropriate is well-established that: "*a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law*." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542 (1987). Plaintiff is the master of his own claim and can avoid removal of an action by solely relying on state law in the remedies sought. Nashoba Communications Limited Partnership No. 7 v. Town of Danvers, 893 F.2d 435, 437 (1st Cir.1990) (quoting Taylor v. Anderson, 234 U.S. 74, 75, 34 S.Ct. 724 (1914)) ("*The presence of a federal question is determined 'from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which is thought the defendant may interpose.*").

6. The First Circuit Court of Appeals stated in PCS 2000 LP v. Romulus Telecommunications, Inc., 148 F.3d 32, 34 (1st Cir.1998) that "*the [well-pleaded complaint] rule stipulates that, with a few exceptions, ... a case arises under federal law only if a federally cognizable cause of action appears within the four corners of the complaint*." Precedent also clearly establishes that "*[a] defense is not part of the plaintiff's properly pleaded statement of his or her claim.*" Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S.Ct. 921, 925 (1998).

7. In the above captioned case, Plaintiff unambiguously makes an ADA claim and requests remedies under said federal statute.

8. Since Plaintiff's complaint raises claims under the ADA, a removal in this case is appropriate.

9. As indicated, the Complaint asserts claims under the ADA. This Honorable Court has original subject matter jurisdiction over Plaintiff's civil action.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above, and to determine that the removal of the above referenced case to this Honorable Court is appropriate.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

In Guaynabo, Puerto Rico, this 20th day of November 2023.

**PIZARRO GARCÍA LAW OFICCES, LLC.**
P.O. Box 360959
San Juan, P.R. 00936-0959
Tel. (787) 305-5227

*s/ Ricardo Pizarro*
**RICARDO PIZARRO, ESQ.**
USDC-PR No.: 215603
rp@pizarrogarcialaw.com